THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, a North Dakota corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRANSFORM LLC, a Washington Corporation; EQUILATERAL HOLDINGS LLC, a Washington Corporation; EAST AHM LLC, a Washington Corporation; and HANSELL MITZEL LLC, a Washington Corporation,<br><br>Defendants. | NO. C09-1120 RSM<br><br>DECLARATION OF JEFF HANSELL IN SUPPORT OF EAST AHM LLC AND HANSELL MITZEL LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR:<br>March 12, 2010<br><br>ORAL ARGUMENT REQUESTED |

I, JEFF HANSELL, certify and declare as follows:

1. I am over the age of 18 years and am otherwise competent to make this declaration. This declaration is made upon personal knowledge setting forth facts I believe to be true.

2. I am a member of East AHM Development, LLC, a Washington Limited Liability Company. I was also the project manager for the Trailhead Condominium construction project

DECLARATION OF JEFF HANSELL - 1

Stanislaw Ashbaugh
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

described by the Plaintiff's Motion for Summary Judgment. As such, I have personal knowledge of the progress of the construction of the project.

3. The contract between AHM and Transform at issue in the underlying lawsuit was signed by both parties in June of 2008. The contract was a "labor only" contract under which AHM purchased and provided *__all__* of the materials and items Transform used to assemble the Units. These materials included literally everything: lumber, plywood, oriented strand board, hangers, structural straps, nails, fasteners, adhesives, specialized structural beams, I-joists, plumbing pipe and associated fittings, electrical wire, electrical boxes and panels, heat ducts, fireplaces, windows, insulation, sheetrock, staples, screws, Tyvek, and so on.

4. It is my belief based on conversations with people affiliated with Transform that Transform used at least two subcontractors to perform its obligations under the contract between Transform and AHM. These subcontractors are Bellingham Heating and Riteway Plumbing. While I am still attempting to figure out exactly what role these subcontractors played, it is my belief at this time that some of the issues that emerged at Trailhead were either caused by, or involved damage to, the work of these subcontractors.

5. While the contract set forth anticipated dates for delivery of the units, these dates were not met. Based on my memory and my review of invoices from Bennett Trucking, the company hired to deliver the units, the first two units were delivered on September 5, 2008 and the last two were delivered on October 20, 2008. Attached as **Exhibit A** is a true and correct copy of invoices submitted from Bennett Truck Transport, LLC. (Nos. AHM007 – 157).

6. Attached as **Exhibit B** is a true and correct copy of a complaint filed on February 25, 2010 in the Skagit County Superior Court of Washington.

DECLARATION OF JEFF HANSELL - 2

Stanislaw Ashbaugh
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

7. I understand from discussions with my attorneys that the insurer for Transform is contending that someone from AHM gave an adjuster two invoices—one dated July 28, 2008, the other dated August 31, 2008—and that those invoices show AHM was aware of defects with the Units. This is not true. The July 28, 2008 invoice deals with shower pans purchased for the units, and the August 31 invoice simply represents ordinary and usual engineering services associated with the units performed onsite at Transform.

8. When the units were finally delivered to the Trailhead site, AHM and its subcontractors had to do extensive work both in and around the units to incorporate them into the overall structure. Prior to delivery, the underground parking structure and post-tensioned structural slab had already been built by AHM. When the Units arrived on-site, they were then placed into this existing structure. As the Units were placed, several connection points were completed using structural strapping and dimensional lumber pursuant to plans and specifications. Once all fifty-five units were in place, the lobbies on all three stories, the two stair towers, the elevator shaft and entire roof structure were built around the units assembled by Transform.

9. Beyond this work, the units themselves had to be "knitted" together in two separate ways. First, the plumbing, electrical, heat, water etc. had to be connected between the individual units themselves. Second, once individually connected, connections needed to be made to the building's overall distribution systems. For example, plumbing waste lines needed to be connected to the main drains through the structural slab and into the garage, and power needed to be run from the garage into each Unit and connected to each condominium Unit's electrical panel.

10. In addition to the work performed to "knit" the Units into the overall condominium, there was a significant amount of "finish work" that needed to be done to the Units themselves to finalize the project. AHM had to finish wall surfaces, place underlayment on the floors, hang

DECLARATION OF JEFF HANSELL - 3

Stanislaw Ashbaugh
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

cabinets and install granite counter tops so that sinks could be connected. Tile flooring was installed with electric heat mats placed below the tile and on top of the underlayment. Doors, trim and millwork were installed and stained in place. Electrical wiring was trimmed at the plugs and lights. Heating systems and gas lines were connected, and appliances were installed.

11. Only after all of this work was performed and the project was nearing completion could the Units finally be "energized"—meaning water, gas, etc. could be supplied to the units. As the Units were energized, an unfortunate number of problems were discovered. Connections for plumbing waste lines that were supposed to be in specific areas, and sloped at a specific grade, were either not there or constructed incorrectly. Connections for plumbing supply lines, once pressurized with water, sprang leaks in several areas. Several areas of water damage occurred to the existing structure before it was discovered that these were not isolated leaks, but rather that they existed throughout the nearly finished condominium. When the plumbers began air pressure testing the plumbing lines, a significant number of leaks were discovered. When the electrical circuits were connected, several "shorts" were also discovered. Similar problems were discovered with phone, television and internet distribution systems, as well as fire sprinkler lines.

12. The net result of all of these issues was a major repair project. AHM was required to rip out a huge amount of work that now surrounded the units on all sides in order to locate, assess and repair the underlying damage and defective work. This included but was not limited to ripping out cabinetry, flooring, walls, ceilings and a variety of other finish work, as well as tearing into "common areas" of the condominiums such as lobbies, stair towers, etc. that also surrounded the units assembled by Transform.

13. Attached as **Exhibit C** are true and correct copies of invoices from Stanton Plumbing, Inc., Exterior Design and Apex Cabinets by Design, LLC. These invoices are a representative

DECLARATION OF JEFF HANSELL - 4

Stanislaw Ashbaugh
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

sample (but in no way a complete record) of costs associated with both work done in and around the units assembled by Transform, and the costs of destroying that same work as part of the repair project. AHM plans to present its entire damage claim in this regard in the underlying lawsuit.

14. When AHM first became aware of the problems identified above, AHM notified Transform, on several occasions, that the Units would need repairs according to the terms and conditions of the contract. Upon the provision of such notice, Transform did send representatives to the site to evaluate the issues that had arisen. The representatives from Transform agreed that there were numerous defects in the workmanship of the Units that needed immediate attention.

15. After this initial site visit, Transform sent personnel to the site to perform repairs. On multiple occasions, however, these repair visits were cancelled or rescheduled. Moreover, the repair crew that did arrive on site was not prepared for the magnitude of the problems that existed. Cursory attempts to make repairs on two occasions were initiated, but quickly abandoned by Transform staff when it became clear that the complexity of the repairs that needed to be done were beyond Transform's ability to complete.

16. AHM made several more attempts to force Transform to complete the repairs requested as required under the warranty provision of the contract, the these efforts were resisted. Ultimately, the Transform's senior management staff informed AHM that they would be unable to complete any repairs, that they were breaching the warranty provision of the contract, and that AHM was on its own to fix the defects and damage.

Stanislaw Ashbaugh
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

1  I declare under penalty of perjury under the laws of the State of Washington that the
2  foregoing is true and correct.
3  DATED this 8th day of March, 2010, at Seattle, Washington.

By _____
Jeff Hansell

DECLARATION OF JEFF HANSELL - 6

Stanislaw Ashbaugh
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2010, I electronically filed the foregoing Declaration of Jeff Hansell with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tim E. Allen
tallen@bbllaw.com
Bennett Bigelow & Leedom, P.S.
1700 – 7th Ave., Suite 1900
Seattle, WA 98101


DATED this 8th day of March, 2010.

STANISLAW ASHBAUGH, LLP


By s/ Zachary O. McIsaac
　　Zachary O. McIsaac, WSBA# 35833
　　Attorneys for Defendant East AHM LLC and
　　Hansell Mitzel LLC
　　zmcisaac@lawasresults.com

DECLARATION OF JEFF HANSELL

Stanislaw Ashbaugh
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400